UNITED STATES of America, Plaintiff,

v.

Ronald W. SKEDDLE, et al., Defendants.

No. 3:95CR736.

United States District Court,
N.D. Ohio,
Western Division.

Sept. 11, 1996.

See also 940 F.Supp. 1146.

Thomas Karol, Robert W. Kern, Assistant United States Attorneys, for plaintiff.

Brendan V. Sullivan, Jr., Barry S. Simon, Stuart G. Nash, Williams & Connolly, Washington, DC, for Darryl J. Costin.

Robert Gold, Gold & Wachtel, New York City, for Ronald W. Skeddle.

Richard A. Hibey, Gordon A. Coffee, Winston & Strawn, Washington, DC, for Edward B. Bryant.

Gerald A. Messerman, Kevin M. Norchi, Messerman & Messerman, Cleveland, OH, for David Herzer.

John E. Martindale, Martindale & Brzytwa, Cleveland, OH, Niki Z. Schwartz, Gold, Rotatori & Schwartz, Cleveland, OH, for John Corsaro.

Sander Schwartz, Cook, Riley, Smith, Nace, Schwartz, Cleveland, OH, for Floyd Trouten.

J. Michael Murray, Berkman, Gordan, Murray & DeVan, Cleveland, OH, for David Hobe.

John Czarnecki, Cooper, Straub, Walinski & Cramer, Toledo, OH, for Clarence Martin.

John J. Callahan, Secor, Ide & Callahan, Toledo, OH, for John Purser.

## Order

CARR, District Judge.

Pending in this case are motions by the defendants Skeddle,[1] Costin (Docs. 213, 278), Purser (Doc. 267), Corsaro (Doc. 274), and Bryant (Doc. 281) for modification of the conditions of release. Each defendant met conditions set at the outset of this proceeding by posting substantial property to secure their appearance at trial.

The reason for the requirement that the defendants post sizable property bonds was to deter the risk of flight. If the bonds had not been set, each defendant would, to varying degrees, have had access to substantial assets, so that the means of flight would have been at hand.

■ Ascertaining the risk of flight requires a balancing of several factors. Most critical in this case are the: 1) likelihood of conviction; 2) consequences of conviction; 3) resulting inducement to flee to avoid those consequences; 4) possible means of flight; and 5) restrictions on the desire or ability to flee.

■ Filed concurrently with this order is an opinion on the allocation of the burden of proof on the issue of fairness under O.R.C. § 1701.60(A)(1)(c). For the reasons stated in that opinion, I conclude that the defendants will bear the burden of proof, if they choose to contend at trial that the transactions giving rise to this case were "fair" to Libbey–Owens–Ford Company. In view of that conclusion, the likelihood of conviction has not diminished. I remain, accordingly, of the view that there is a substantial likelihood of conviction.

The consequences of conviction would include long, unavoidable prison terms,[2] large restitution orders, and fines. All the defendants would incur loss of their livelihoods. The financial consequences would be catastrophic and insurmountable. In terms of material well-being, the lives, as they have

---

1. There appears to have been no original motion filed on behalf of the defendant Skeddle; the copy presently before me was submitted by fax on July 18, 1996. His motion, accordingly, does not have a docket entry number.

2. At the time of arraignment, the Guideline range was estimated for each movant at 210–262 months. Though that was and is a tentative estimate, no defendant has suggested that, for present purposes, it is substantially inaccurate.

known them, of these defendants and their families, would be at an end.

These consequences create, in my view, a substantial temptation to flee.

But for the restrictions on the defendants' access to their financial assets in this case and the related civil case, most of them would have the means of flight at hand. The existence of extradition treaties, as mentioned in one memorandum, simply indicates that, over the long term, flight might not permanently be successful. Such treaties cannot prevent flight in the first instance, though they might deter it somewhat. Even with extradition treaties available to procure the defendants' return in the event of flight, I see no justification for leaving the means of potential flight unguarded, particularly in view of the consequences of possible conviction.

To be sure, there are some strong inducements not to flee. Primary among these are the family ties that each defendant appears to enjoy. The restraint on flight that those relationships might otherwise create should be assessed, however, in light of the defendants' present and foreseeable circumstances. If convicted and imprisoned, each defendant will have little continuing or regular contact with his family, and those contacts will have none of the attributes of normal family relationships.

Flight, on the other hand, would preserve family ties, at least for a while, if not for a long period of time. Though family life in such circumstances would hardly be normal, easy, or attractive, the alternative in the event of conviction would be even more unnatural, difficult, and undesirable.

The cases cited by the defendants and government give little guidance, because the risk of flight has to be evaluated individually. I have undertaken to do so, and, for the reasons described thus far, remain persuaded that, in view of the potential for and grave consequences from conviction, the risk of flight is substantial.

I conclude, accordingly, that the need today is as great as it was at the outset of this case to impose appropriate conditions to en-sure that the inability to flee will eliminate any temptation to do so.

If conditions must be altered to enable any defendant to continue to retain counsel of his choosing, he may request specific relief by way of motion when and as needed. Details about the amount of funds needed, etc., can be provided under seal for in camera review. Any defendant making such request should provide, *inter alia,* current information about his financial circumstances and a statement of reasons why methods other than release of funds posted as bond cannot satisfy the need for continuity of counsel.

For now, however, the motions to change conditions of release will be overruled, without prejudice.

It is, therefore,

**ORDERED THAT** the motions of the defendants Skeddle, Costin (Docs. 213, 278), Purser (Doc. 267), Corsaro (Doc. 274), and Bryant (Doc. 281) to alter the conditions of release be, and the same are hereby overruled, without prejudice.

**So ordered.**